B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>Kimberly Michele Boddy<br>Pro Se Plaintiff | **DEFENDANTS**<br>United States Department of Education<br>Pennsylvania Higher Education Assistance Agency<br>ECSI Federal Perkins Loan Servicer<br>Nelnet |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Pro Se | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to discharge federal student loan debt under 11 U.S.C. § 523(a)(8), based on undue hardship.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Kimberly Michele Boddy | BANKRUPTCY CASE NO.<br>2:25-bk-12735 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Pennsylvania | DIVISION OFFICE<br>Philadelphia | NAME OF JUDGE<br>Hon. Derek J. Baker |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>July 14, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kimberly Michele Boddy<br>Pro Se Plaintiff | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                          Chapter 7

Kimberly Michele Boddy,                          Case No. 2:25-bk-12735

    Debtor.

_____

Kimberly Michele Boddy,                          Adv. Proc. No. _____

    Plaintiff,

v.

U.S. Department of Education,
Pennsylvania Higher Education Assistance Agency (PHEAA),
Nelnet Servicing, and
Educational Computer Systems, Inc. (ECSI),
    Defendants.

_____

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**
PURSUANT TO 11 U.S.C. § 523(a)(8) – UNDUE HARDSHIP

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this district under 28 U.S.C. § 1409.

4. This adversary proceeding is brought pursuant to 11 U.S.C. § 523(a)(8) to determine the dischargeability of Plaintiff's student loans due to undue hardship.

## II. PARTIES

5. Plaintiff, Kimberly Michele Boddy, is the debtor in the above-captioned Chapter 7 case.

6. Defendant, U.S. Department of Education, is a federal agency and a creditor in this case.

7. Defendant, PHEAA, is a Pennsylvania-based loan servicer and creditor.

8. Defendant, Nelnet Servicing, is a Nebraska-based loan servicer and creditor.

9. Defendant, ECSI, is a loan servicer and creditor for Federal Perkins Loans.

## III. FACTUAL BACKGROUND AND BASIS FOR COMPLAINT

10. Plaintiff currently has no income and survives solely through public assistance.

11. Plaintiff has experienced long-term medical hardship, including a misdiagnosis of multiple sclerosis in 2014, resulting in physical limitations and emotional distress.

12. Plaintiff has served as the full-time, unpaid caregiver for family members since 2014, including the legal adoption of her nephew in 2021, whom she has cared for since birth.

13. Plaintiff's caregiving responsibilities prevent her from obtaining employment, as her son has complex educational and developmental needs requiring daily advocacy and supervision.

14. Plaintiff's student loan debt constitutes an undue hardship and prevents her from maintaining a minimal standard of living.

## IV. DECLARATION OF UNDUE HARDSHIP

15. Plaintiff submits the following declaration in support of this complaint:

I am filing for bankruptcy because I have had no consistent income for several years due to a combination of lifelong unpaid caregiving, medical hardship, and compounded personal losses.

In 2014, I began experiencing serious medical issues and was misdiagnosed with Multiple Sclerosis. The physical and emotional toll of this misdiagnosis, combined with years of fatigue and unclear symptoms, left me unable to work and dependent on SNAP benefits and medical assistance.

During this same period, I served as the full-time, unpaid caregiver for multiple family members. In 2015, I lost both my mother and my grandmother within 90 days of each other.

In April 2017, I brought my newborn nephew home from the hospital and became his full-time caregiver. He has lived with me ever since. I formalized the legal adoption on July 15, 2021, making official what had already been true for years — I have been his parent in every sense. Just sixteen days later, on July 31, 2021, my brother passed away — his son's biological father. Five months later, on December 28, 2021, the day after my birthday, my father also died.

These profound losses, layered over years of caregiving and unresolved trauma, left me with no emotional or financial capacity to return to work. My son, now eight years old, has complex educational and developmental needs that require me to attend frequent meetings, advocate for services, and be physically and emotionally present every day.

I have no income. My full-time role as a caregiver — first for my family elders, and now for my child — has never been recognized with a paycheck, but it has cost me everything financially. I have tried to remain stable, resourceful, and present, but I can no longer carry this burden without relief.

I respectfully ask the court to consider my extensive caregiving history, my medical misdiagnosis, my compounded grief, and my ongoing parental responsibilities as valid grounds for a full discharge of my student loans under the undue hardship standard.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Determine that repayment of Plaintiff's student loan debt would impose an undue hardship within the meaning of 11 U.S.C. § 523(a)(8);

B. Order that Plaintiff's student loan debt be fully discharged; and

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Kimberly Michele Boddy
*Pro Se Plaintiff*
Dated: July 14, 2025

**Kimberly Michele Boddy**
Case No.: 2:25-bk-12735
Eastern District of Pennsylvania
July 14, 2025

**Student Loan Summary**
Submitted in Support of Adversary Complaint to Discharge Student Loan Debt

This summary reflects the total outstanding federal student loan debt under my Social Security Number as shown on the official U.S. Department of Education portal at https://studentaid.gov. This data was accessed in July 2025 and supports my claim of undue hardship under 11 U.S.C. § 523(a)(8).

Loan Servicers and Balances as of July 2025:

- Dept of Education / Nelnet

  - Total Balance: $86,529.23

  - Status: Active -- Repayment Starts 12/27/26

- Dept of Education / ECSI (Federal Perkins Loan Servicer)

  - Total Balance: $3,535.53

  - Status: Unknown or Inactive

- Pennsylvania Higher Education Assistance Agency (PHEAA)

  - Total Balance: $18,657.00

  - Status: In Default

- Educational Credit Management Corporation (ECMC)

  - Total Balance: $0.00

  - Status: No balance

- Pennsylvania State University

  - Total Balance: $0.00

  - Status: No balance

According to the federal portal, six (6) loans are currently in default. This default status further limits my ability to seek employment, housing, or credit opportunities and demonstrates my current state of financial distress.

This summary is submitted as a supporting document to my Adversary Complaint to demonstrate the full extent and nature of my federal student loan obligations.

Re: Adversary Complaint in Case No. 2:25-bk-12735

Respectfully submitted,

*[signature]*

Kimberly Michele Boddy

# Addendum – Clarification of "6 Loans in Default"

This addendum is provided to clarify the notation shown on the U.S. Department of Education federal student loan dashboard that states "6 loans in default."

Upon reviewing my loan servicer history, I believe these defaulted loans likely correspond to individual Perkins Loans issued by Pennsylvania State University and currently serviced by ECSI Federal Perkins Loan Servicer. These loans were previously in billing status, and I received collection notices prior to filing my Chapter 7 bankruptcy petition on July 8, 2025. As of that date, I have ceased receiving billing communications.

Perkins Loans are typically issued as separate disbursements for each academic term or year. As a result, they are reported as distinct loans, even when held by a single institution. This would account for the system reflecting six separate defaulted loans. Although the loan dashboard now reflects a $0 balance for Penn State, the ECSI-serviced Perkins balance remains listed at $3,535.53.

This explanation is offered in good faith to assist the Court in understanding the likely origin of the six defaulted loans as reported, and to support my claim of undue hardship under 11 U.S.C. § 523(a)(8).

Submitted in support of the Adversary Complaint to Discharge Student Loan Debt.

Kimberly Michele Boddy
July 14, 2025