**US BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: Kimberly Michele Boddy ) | |
| ) | Case No. 25-12735-DJB |
| Debtor, ) | Chapter 7 |
| ) | |
| v. ) | |
| ) | Adv. Proc. No. 25-0180-DJB |
| Pennsylvania Higher Education ) | |
| Assistance Agency, et al., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant, Pennsylvania Higher Education Assistance Agency (hereinafter "PHEAA"), by and through undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion for Default Judgment, and states as follows:

### I.    INTRODUCTION

Plaintiff's Motion for Default Judgment must be denied because Plaintiff failed to properly serve the Complaint and Summons in accordance with Fed. R. Bankr. P. 7004, which provides the requirements for serving state agencies such as PHEAA.[1] As a result, PHEAA was not properly notified of the adversary proceeding, and any default entered would be procedurally defective.

---

[1] Pursuant to PHEAA's enabling statute, it is undoubtedly a body corporate and politic constituting a public corporation and government instrumentality of the state of Pennsylvania. See, 24 P.S. § 5101, et seq; In re Saunders, 105 B.R. 781, (Bankr.E.D.Pa. 1989) (noting PHEAA's status as a state agency)

## II. ARGUMENT

### A. Service on a State Agency Must Comply with Fed. R. Bank. P. 7004

Service of complaints in adversary proceedings against state agencies must comply with Fed. R. Bank. P. 7004(a)(1), which expressly incorporates Fed. R. Civ. P. 4(j). Fed. R. Civ. P. 4(j) provides requirements for service on state agencies, stating "[a] state that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Under Pennsylvania law, service on a state agency must comply with Pa. R. Civ. P. 422, which provides "[s]ervice of original process upon the Commonwealth or an officer of the Commonwealth . . . shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof."

Alternatively, a plaintiff may serve complaints on state agencies by mailing a copy of a summons and complaint by first-class mail, postage prepaid, within the United States with the following requirements: "(A) the summons and complaint must be mailed to the person or office that, under the law of the state where service is made, is authorized to receive service in a case filed against that defendant in that state's courts of general jurisdiction; and (B) if there is no such authorized

person or office, the summons and complaint must be mailed to the defendant's chief executive officer." See, Fed. R. Bank. P. 7004(b)(6). Indeed, Courts have consistently held that an entry of default may be set aside where service of process is lacking. See, In re Shepherd, 2018 WL 6132031, at *2 (Bank. D.N.J. October 29, 2018), citing Mettle v. First Union Nat'l Bank, 279 F.Supp.2d 598, 603 (D.N.J. 2003)(court need not consider the factors to vacate a default entry where service of process is lacking); Smalls v. Buckalew Frizzell & Crevina LLP, 2014 WL 2889645, at *1 (D.N.J. 2014)("failure to effect proper service constitutes good cause" to set aside entry of default); Asphalt Paving Sys. Inc. v. Gen. Combustion Co., 2014 WL 4931294, at *2 (D.N.J. 2014)(same); Thiele v. Cablevision, 2016 WL 886213, at *1 (D.N.J. 2016)(same); Church-El v. Bank of New York, 2013 WL 1190013, at *3-6 (D.Del. 2013)(granting defendant's motion to set aside entry of default for insufficient service of process and denying plaintiff's motion for default judgment); Citizens Bank v. Decena, 562 B.R. 202, 207-208 (S.D.N.Y. 2016)(bankruptcy court abused its discretion when it declined to set aside an entry of default despite ineffective service of process). An entry of default "presumes effective service of process, [and] failure to effect proper service may, without more, constitute good cause to set aside an entry of default." Asphalt Paving Sys., 2014 WL 4931294, at *2.

Proper service was not accomplished on PHEAA pursuant to Fed. R. Bank. P. 7004(a) or (b). As demonstrated by Plaintiff's certificate of service, Plaintiff

simply mailed a copy of the summons and complaint to PHEAA at its general corporate headquarters address.  Pursuant to Fed. R. Bank. P. 7004(a), Plaintiff failed to serve PHEAA's chief executive officer, or effect service in accordance with Pennsylvania state law as she did not serve PHEAA's Legal Services Division or the Pennsylvania Office of Attorney General.

In regard to Fed. R. Bank. P. 7004(b)(6), Plaintiff failed to mail the complaint to any individual, office, or department at PHEAA that is authorized to receive service in this adversary proceeding, which is PHEAA's Legal Services Division or its chief executive officer.  In fact, Plaintiff failed to direct the complaint to any specific individual at all.  As such, the certificate of service filed by Plaintiff demonstrates that Plaintiff failed to comply with the requirements of the Federal Rules of Bankruptcy Procedure regarding service.

### B.    Improper Service Renders Default Invalid

Because service was defective, Defendant's time to respond never commenced under Fed. R. Bankr. P. 7012(a).  Entry of default under Fed. R. Bankr. P. 7055 (incorporating Fed. R. Civ. P. 55) requires valid service and failure to plead or otherwise defend.  Courts have consistently denied motions for default when a defendant has not been properly served with a summons and complaint in accordance with Fed. R. Bank. P. 7004, and as such, did not have the requisite notice of the adversary proceeding.  See, In re JRA 222, Inc., 365 B.R. 508, 513 (Bank. E.D. Pa 2007).  Moreover, when determining whether a default judgment

should be entered, strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. <u>Id</u>. at 513. This is especially true when a defendant has not been properly served with a summons and complaint, has promptly responded when learning of the complaint, has meritorious defenses, and Plaintiff will not be prejudiced. <u>See</u>, <u>Id</u>. at 513 – 514. No doubt, within the Third Circuit, it is well established there is a policy of disfavoring defaults along with the overriding principle that courts should reach decisions on the merits. <u>See</u>, <u>In re Shepherd</u>, 2018 WL 6132031 *2, citing <u>Gross v. Stereo Component Sys, Inc.</u>, 700 F.2d 120, 122 (3d Cir. 1983); <u>Harad v. Aetna Cas. & Sur. Co.</u>, 839 F.2d 979, 981 (3d Cir. 1988).

### C.    Defendant Has Meritorious Defenses and Promptly Appeared

Alternatively, even if this Court finds the service to be proper, the motion should nevertheless be denied. As noted above, the Third Circuit has made clear that motions for default judgment are disfavored, and decisions on the merits are encouraged. <u>Id</u>. Upon learning of the adversary proceeding through informal channels, Defendant acted promptly to investigate and respond. Defendant has meritorious defenses against Plaintiff's claims and respectfully requests the opportunity to respond on the merits. Additionally, because PHEAA promptly responded upon learning of the complaint, Plaintiff will not be prejudiced by permitting PHEAA to now respond. Plaintiff's motion for default judgment should be denied.

### III.  CONCLUSION

WHEREFORE, Defendant PHEAA respectfully requests that this Court:

1. Deny Plaintiff's Motion for Default;

2. Declare that service of the Complaint and Summons was improper;

3. Quash any purported service;

4. Grant Defendant leave to respond to the Complaint within a reasonable time; and

5. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Andrew Petsu
        Andrew J. Petsu, Esq.
        Assistant Chief Counsel
        PA ID No. 206495
        Phone: (717) 720-2227
        andrew.petsu@pheaa.org
        James J. Jarecki, Esq.
        Deputy Chief Counsel
        PA ID No. 89580
        PHEAA Legal Services Division
        1200 N. 7th Street
        Harrisburg, PA 17102
        Fax: (717) 720-3911

Date: 8/29/2025