# US BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Kimberly Michele Boddy ) | |
| ) | Case No. 25-12735-DJB |
| Debtor, ) | Chapter 7 |
| ) | |
| v. ) | |
| ) | Adv. Proc. No. 25-0180-DJB |
| Pennsylvania Higher Education ) | |
| Assistance Agency, et al., ) | |
| ) | |
| Defendant. ) | |

### RESPONSE IN OPPOSITION TO MOTION FOR DEFAULT OR, IN THE ALTERNATIVE, PETITION TO OPEN/STRIKE DEFAULT JUDGMENT

Defendant, Pennsylvania Higher Education Assistance Agency (hereinafter "PHEAA"), by and through undersigned counsel, respectfully submits this Response to the Motion for Default filed by Debtor Kimberly Michele Boddy (hereinafter "Boddy") (Dkt. No. 12), or in the alternative, to Open/Strike the Default Judgment entered in this matter, and states as follows:

### I.     PROCEDURAL BACKGROUND:

The procedural history of this matter is as follows. On July 8, 2025, Boddy filed a Chapter 7 Voluntary Petition, Docket No. 25-12375-djb. Shortly thereafter, on July 16, 2025, Boddy commenced an Adversary Proceeding, Docket No. 25-00180-dbj. In her Adversary Proceeding, Boddy seeks an order from this Court to have her outstanding student loans declared discharged based on her alleged undue hardship. (Dkt. 1, ¶15.)

On July 31, 2025, Boddy filed her Summons of Service Executed. (Dkt. No. 3.) As to Defendant PHEAA, her Certificate of Service simply references serving PHEAA at its headquarters office building – 1200 North Seventh Street, Harrisburg, PA. (Dkt. No.

3.) Boddy's Certificate of Services makes no reference to her Complaint being sent to a particular person or department, and likewise, there is no reference to service on the Pennsylvania Office of the Attorney General.

On August 22, 2025, Boddy filed a motion for default judgment. (Dkt. No. 5.) In response, on August 29, 2025, PHEAA promptly replied to Boddy's Motion for Default Judgment, asserting both issues with Boddy's ineffective service as well as claims of a meritorious defense. (Dkt. No. 6.) Despite PHEAA's quick filing, on September 3, 2025, the clerk's office issued a default against all defendants, including PHEAA. (Dkt. No. 7.) On September 5, 2025, the United States Department of Education (hereinafter "DOE") filed its own Memorandum in Opposition to Boddy's Motion for Default Judgment. (Dkt. No. 9.) Also on September 5, 2025, Boddy filed another Motion for Default Judgment. (Dkt. No. 12.) On September 12, 2025, a hearing regarding Boddy's Motion for Default Judgment was scheduled for September 30, 2025. (Dkt. No. 15.) Thereafter, on September 15, 2025, PHEAA filed an answer and affirmative defenses to Boddy's Complaint. (Dkt. No. 16.) On September 17, 2025, the DOE filed its own answer and affirmative defenses. (Dkt. No. 17.) This instant document serves as PHEAA's response to Boddy's Motion for Default filed on September 5, 2025 (Dkt. No. 12), and expressly incorporates PHEAA's prior response filed on August 29, 2025 (Dkt. No. 6). In the interest of brevity, the arguments as stated in PHEAA's prior response (Dkt. No. 6) are fully incorporated herein, but shall not be repeated.

As explained further below, PHEAA's Response to Boddy's Motion for Default, or in the alternative, Petition to Open/Strike the Default Judgment, should be granted. There is no dispute that PHEAA timely filed a response to Boddy's initial motion for

default, but the clerk's office nevertheless issued the default prior to PHEAA's response being formally addressed. More notably, following the traditional test to open/strike a default judgment: (1) Boddy will not be prejudiced if the default is stricken; (2) PHEAA has meritorious defenses; and (3) any delay in responding was not the result of PHEAA's culpable conduct. Accordingly, Boddy's request for a default should be denied, and this matter should proceed on the merits.

## II.    ARGUMENT:

### BODDY'S REQUEST FOR A DEFAULT JUDGMENT SHOULD BE DENIED, AND THIS MATTER SHOULD PROCEED ON THE MERITS.

Bankruptcy Rule 9024 incorporates Fed.R.Civ.Pro. 60(b) as the standard for setting aside a default judgment. In exercising discretion to deny or set aside a default judgment, the Bankruptcy Court should consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of culpable conduct on the part of the moving party. In re: Penn Screw and Machine, 48 B.R. 138, 140 (E.D.Pa. Bankr.1985). There is no dispute that the Third Circuit does not favor defaults, and prefers matters adjudicated on the merits. See e.g., U.S. ex rel. v. Patterson, et al., 2013 WL 5356851, at *2 (E.D.Pa. 2013)(citations omitted). When objectively applying these factors to this matter, there is no doubt that PHEAA's motion should be granted.

First, on a motion to open/strike a default judgment, the plaintiff bears the burden to demonstrate her claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors. Id. Moreover, delays in a potential recovery or expenses incurred from litigating the matter on the merits do not constitute the kind of prejudice the court

3

should consider in deciding whether to set aside the default. Id. Here, PHEAA filed its Answer less than two (2) weeks following the clerk's entry of the initial default and Boddy's renewed motion for default. Given that very short time-frame, Boddy cannot show she will experience any sort of harm if this case proceeds on the merits. As Boddy cannot meet her burden to demonstrate prejudice by opening the default, Boddy's request for a default judgment should be denied, PHEAA's request to open/strike the default judgment should be granted, and this matter should proceed on the merits.

Second, as to this matter, PHEAA has a meritorious defense. A meritorious defense is a defense which is valid on its face. Emcasco Ins. Co. v. Sambrick, 834 F.2d 31, 34 (3d Cir. 1987). Moreover, a meritorious defense is presumptively established when the allegations of defendant's answer, if established at trial, would constitute a complete defense to the action. In re: Penn Screw & Mach. Works, Inc., 48 B.R. 138, 140.

Ultimately, Boddy seeks discharge of her student loans based on her assertion of undue hardship. In order to establish undue hardship, Boddy needs to prove that: (1) she cannot maintain a minimal standard of living if forced to repay her student loan debt; (2) the circumstances which currently exist are likely to exist for a significant portion of the repayment period for her student loans; and (3) she has made a good faith effort to repay her loans. DeVos v. Price, 583 B.R. 850, 854 (E.D.Pa. 2018). Boddy must establish all three elements by a preponderance of the evidence to prove undue hardship. See id.

As demonstrated by the attached Affidavit of Aaron Morrison (attached hereto as "Exhibit A") – the Director of PHEAA's Guaranty Operations – in 2009, Boddy received several disbursements of subsidized and unsubsidized federal loans made under the Federal Family Education Loan Program ("FFELP"), 20 U.S.C. §§ 1071 – 1087.4. (Morrison Aff.,

¶4.) For all these federal student loans, PHEAA served as the guarantor. (Morrison Aff., ¶5.) In 2016, Boddy defaulted on the aforementioned FFELP loans, meaning she failed to remit payment for at least 270 consecutive days. See 34 C.F.R. § 682.200 (defining "default" to represent a period of at least 270 consecutive days of nonpayment). (Morrison Aff., ¶6.) Thereafter, and in its capacity as her FFELP guarantor, PHEAA successfully entered into a rehabilitation agreement with Boddy. See 34 C.F.R. § 682.405 (regarding parameters of loan rehabilitation). (Morrison Aff., ¶7.) Boddy's final voluntary loan rehabilitation payment was made on July 25, 2017. (Morrison Aff., ¶8.) Upon completion of the rehabilitation process, Boddy's monthly payments were $172.88, and her first payment was due on or before October 1, 2017. (Morrison Aff., ¶9.) Nevertheless, Boddy failed to ever remit another voluntary payment, and by September 2018, Boddy defaulted for the second time. (Morrison Aff., ¶10.) Following her second default, Boddy has failed to ever again remit payment. (Morrison Aff., ¶12.) As such, since July 25, 2017, Boddy has never made another payment on her FFELP loans guaranteed by PHEAA, and as of August 2025, her collective outstanding balance is $18,796.49. (Morrison Aff., ¶13.)

Putting aside that there exists no record to support the first two factors, as stated in PHEAA's Answer (Dkt. No. 16, ¶22), and verified by the Morrison Affidavit, Boddy twice defaulted on her FFELP loans guaranteed by PHEAA, and has not made any voluntary payments since July 2017 – a span of more than eight (8) years. Boddy's failure to make any effort to repay her defaulted FFELP loan for such an extended time undercuts her ability to prove she made a good faith effort to repay her defaulted FFELP student loans, and if established at trial, would serve as a bar to Boddy's undue hardship claim. See In re: Sperazza, 366 B.R. 397, 414 (E.D.Pa. Bankr. 2007) (debtor's failure to make voluntary

5

repayment on student loans showed a lack of good faith under undue hardship test); see also, In re DiFrancesco, 607 B.R. 463, 468 (M.D.Pa. Bankr. 2019) (finding debtor failed to establish undue hardship to discharge defaulted FFELP student loan debt, noting that debtor failed to ever remit a voluntary payment towards his student loans).[1] As PHEAA possesses a meritorious defense to Boddy's undue hardship claim, Boddy's motion for default should be denied, and this matter should proceed on the merits.[2]

Third, the purported neglect of PHEAA to file a timely answer was derivative of Boddy's undisputed failure of proper service. In deciding whether a default was the result of the defendant's culpable conduct, the court must find "willfulness or bad faith" on the part of the non-responding defendant. In re: Penn Screw & Mach. Works, Inc., 48 B.R. 138, 140. As the Eastern District of Pennsylvania Bankruptcy Court previously explained, such a finding requires a showing of reckless disregard – far more than mere neglect:

> Willfulness and bad faith include acts intentionally designed to avoid compliance with court notices. Reckless disregard for repeated communications from plaintiffs and the Court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard. Appropriate application of the standard requires that more than mere negligence must be demonstrated. Neglect alone cannot sustain a default judgment.

---

[1] Notably, in DiFrancesco, the Bankruptcy Court also opined that, where there exists a high ratio between the student loan debt and the total debt sought to be discharged, while not dispositive, such a high ratio weighs against a finding of good faith. See id. at 469 (citations omitted). In this matter, Boddy's Schedule E/F identifies her total amount of unsecured debt at $112,663.02, with $111,353.02 (more than 99%) being her student loan debt. See Case 25-12735-djb, Dkt. 5, p. 18, lines 6(f) and 6(j).

[2] As noted in PHEAA's Answer, and again verified in the Morrison Affidavit, if this matter is allowed to proceed on the merits, PHEAA will immediately assign Boddy's defaulted FFELP loans to the Education Credit Management Corp. ("ECMC"). See Dkt. No., 16, ¶19; Morrison Aff., ¶14. Notably, Boddy did identify ECMC as one of her student loan creditors in her Complaint, but asserted the current amount owed was $0.00. See Dkt. No. 1, p.6 ("Student Loan Summary").

6

Id. at 140-41.

As PHEAA explained in its response to Boddy's initial motion for default (Dkt. No. 6) – which was filed *before* the clerk's office entered the default – service of complaints in adversary proceedings against state agencies must comply with Fed. R. Bank. P. 7004(a)(1), which expressly incorporates Fed. R. Civ. P. 4(j). Fed. R. Civ. P. 4(j) provides requirements for service on state agencies, stating "[a] state that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[3]

Under Pennsylvania law, service on a state agency must comply with Pa. R. Civ. P. 422, which provides "[s]ervice of original process upon the Commonwealth or an officer of the Commonwealth . . . shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof."

Alternatively, a plaintiff may serve complaints on state agencies by mailing a copy of a summons and complaint by first-class mail, postage prepaid, within the United States with the following requirements: "(A) the summons and complaint must be mailed to the person or office that, under the law of the state where service is made, is authorized to receive service in a case filed against that defendant in that state's courts of general jurisdiction; and (B) if there is no such authorized person or office, the summons and

---

[3] Pursuant to PHEAA's enabling statute, it is undoubtedly a body corporate and politic constituting a public corporation and government instrumentality of the state of Pennsylvania. See, 24 P.S. § 5101, et seq; In re Saunders, 105 B.R. 781 (Bankr.E.D.Pa. 1989) (noting PHEAA's status as a state agency of the Commonwealth of Pennsylvania).

7

complaint must be mailed to the defendant's chief executive officer." See, Fed. R. Bank. P. 7004(b)(6).

Proper service was not accomplished on PHEAA pursuant to Fed. R. Bank. P. 7004(a) or (b). As demonstrated by Boddy's certificate of service, she mailed a copy of the summons and complaint to PHEAA at its general corporate headquarters address. Pursuant to Fed. R. Bank. P. 7004(a), Boddy failed to serve PHEAA's chief executive officer, or effect service in accordance with Pennsylvania state law as she did not serve PHEAA's Legal Services Division or the Pennsylvania Office of Attorney General.

Alternatively, under Fed. R. Bank. P. 7004(b)(6), Boddy did not mail the complaint to any individual, office, or department at PHEAA that is authorized to receive service in this adversary proceeding. Likewise, Plaintiff did not mail the complaint to PHEAA's chief executive officer. As such, the certificate of service filed by Plaintiff demonstrates that Plaintiff failed to comply with the requirements of the Federal Rules of Bankruptcy Procedure regarding service.

Because service was defective, PHEAA's time to respond never commenced under Fed. R. Bankr. P. 7012(a). Entry of default under Fed. R. Bankr. P. 7055 (incorporating Fed. R. Civ. P. 55) requires valid service and failure to plead or otherwise defend. Courts have consistently denied motions for default when a defendant has not been properly served with a summons and complaint in accordance with Fed. R. Bank. P. 7004, and as such, did not have the requisite notice of the adversary proceeding. See, In re JRA 222, Inc., 365 B.R. 508, 513 (Bank. E.D. Pa 2007). As such, PHEAA did not engage in any culpable conduct. Boddy's motion for default should be denied, and this matter should proceed on the merits.

### III.  CONCLUSION:

Based on the foregoing, Boddy's Motion for Default should be denied, and PHEAA's request open/strike the default judgment should be granted. Allowing this matter to proceed is consistent with the Third Circuit's disfavor of default judgments. Moreover, Boddy cannot establish that she will suffer any harm if this matter proceeds on the merits. In addition, Boddy's two defaults and failure to remit a voluntary payment for eight (8) years negate any claims of a good faith effort by Boddy to repay her FFELP loans. Finally, when providing a response to Boddy's Complaint, the record is clear that PHEAA did not engage in any culpable conduct. Therefore, the prior default should be stricken, Boddy's current motion for default should be denied, and this matter should proceed on the merits.

Respectfully submitted,

/s/ Andrew Petsu
Andrew J. Petsu, Esq.
Assistant Chief Counsel
PA ID No. 206495
Phone: (717) 720-2227
andrew.petsu@pheaa.org
James J. Jarecki, Esq.
Deputy Chief Counsel
PA ID No. 89580
PHEAA Legal Services Division
1200 N. 7th Street
Harrisburg, PA 17102
Fax: (717) 720-3911

Date: September 17, 2025

## **CERTIFICATE OF SERVICE**

The undersigned affirms that, on September 17, 2025, the foregoing document was served on all counsel of record in the above-captioned matter via this Court's ECF system, and served on Debtor at the following address:

Ms. Kimberly Michele Boddy
136 Conowingo Circle
Oxford, PA 19363-1462

/s/ Andrew J. Petsu
Andrew J. Petsu, Esq.
Attorney for Defendant
Pennsylvania Higher Education
Assistance Agency
1200 North Seventh Street
Harrisburg, PA 17102-1444